PATRICIA A. JOHNSON AND ANOTHER v. CORNELIUS
O'BRIEN AND ANOTHER.

99 N. W. (2d) 465.

November 4, 1959—Nos. 37,800, 37,801.

*Ryan, Ryan & Ebert,* for appellants.
*Carl E. Erickson,* for respondents.

PER CURIAM.

The above cases were commenced on October 22, 1955, to recover damages for personal injuries sustained as the result of the alleged negligence of defendants in maintaining a stairway. On November 28, 1955, defendants conveyed to their children real estate alleged to be worth $125,000. In a trial of the above actions verdicts were rendered in favor of plaintiffs in the amount of $80,000 and $16,300 on January 16, 1958. Defendants' liability on these actions is covered by insurance only to the extent of $10,000. An action was commenced by plaintiffs, and is now pending, seeking to set aside the conveyances of defendants' real estate in which notices of lis pendens have been filed with the register of deeds of Crow Wing County. In addition thereto, plaintiffs have garnished or attached all other known property of defendants.

Defendants have now perfected appeals to this court, and in connection therewith the trial court approved bonds in the form of cost and supersedeas bonds, staying all further proceedings, each in the sum of $250.

On March 30, 1959, plaintiffs moved this court for orders requiring defendants to furnish adequate supersedeas bonds or for a vacation of the stay effected by approval of the trial court of the $250 bond as a supersedeas bond. In that proceeding, defendants contended that they were unable to procure a large supersedeas bond for the reason that plaintiffs had encumbered all their property, making it impossible for them to furnish se-

curity for such bond. In view of that situation, we denied plaintiffs' motions by orders dated April 15, 1959.

On October 13, 1959, plaintiffs made a new motion for the same relief. In support of that motion they submit an affidavit by their attorney showing that since denial of their original motion defendants have sold their homestead, which was exempt from execution, and have moved into an apartment in one of the buildings involved in the action to set aside alleged fraudulent conveyances, ostensibly for the purpose of acquiring homestead rights therein. These claims are not denied by defendants.

The bonds herein are furnished pursuant to M. S. A. 605.11, which reads:

"Such appeal, when taken from an order, shall stay all proceedings thereon, and save all rights affected thereby, if the appellant, or some one in his behalf as principal, give bond in such sum as the judge making the order, or, in case he cannot act, the court commissioner or clerk of the court where the order is filed, directs and approves, conditioned to pay the costs of the appeal, and the damages sustained by the respondent in consequence thereof, if the order, or any part thereof, shall be affirmed, or the appeal dismissed, and to abide and satisfy the judgment or order which the appellate court may give therein, which bond shall be filed in the office of the clerk."

Approval of a cost or supersedeas bond on appeal to this court lies in the first instance with the district court. However, after an appeal is perfected, and it is made to appear to this court that a supersedeas bond is inadequate to accomplish the purpose for which it is intended, this court may, in a proper case, require an adequate supersedeas bond or vacate the stay.[1]

The bonds approved by the trial court obviously are wholly inadequate to protect plaintiffs in view of the action now taken by defendants to dispose of their homestead property and their attempt to acquire homestead rights in other property.

IT IS THEREFORE ORDERED, That unless defendants file in this court, on or before November 23, 1959, a written waiver of all claims to homestead rights of every kind whatsoever, as to plaintiffs in these actions, in or to any property involved in plaintiffs' pending action to set aside fraudulent conveyances or, in lieu thereof, file in this court a supersedeas bond, with surety to be approved by this court, in the principal amount of $50,000, the stay entered herein shall be vacated. Failure to comply with this order within the time limited herein shall operate to vacate the stay without any further act on the part of this court.

So ordered.

---

[1]Bock v. Sauk Center Grocery Co. 100 Minn. 71, 110 N. W. 257, 9 L.R. A. (N.S.) 1054; see, also, Barrett v. Smith, 184 Minn. 107, 237 N. W. 881.