## EVELYN ASHENBRENNER v. CITY OF EAST GRAND FORKS AND OTHERS.

102 N. W. (2d) 28.

February 26, 1960—No. 37,830.

*Olson & Holmquist* and *Lyman A. Brink,* for appellant.
*Edgar A. Massee* and *Padden & Dickel,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Plaintiff as owner of certain property in Polk County near East Grand Forks seeks to enjoin the city of East Grand Forks and its officials from taking any action for the construction of a lagoon-type sewage disposal system on the ground that it would constitute a nuisance, injure her health, and interfere with the enjoyment of her property. Defendants denied this and pursuant to M. S. A. 562.02 moved to require plaintiff to execute and file a surety bond to indemnify the city for any loss it might sustain pending her suit.

On March 17, 1959, the district court granted defendants' motion and ordered plaintiff to file a bond in the sum of $250,000 in connection with her suit. Included in this order was the following:

"* * * if she [plaintiff] fails to file said bond on or before March 25, 1959, then this action shall stand dismissed with prejudice, except that the dismissal shall be without prejudice to the right of the plaintiff to commence and maintain an action, after a sewage treatment system upon the land of the City described in the pleadings is put into operation, for equitable relief from any nuisance that may be created with respect to the plaintiff as a result of such system and for the recovery of any damages which may be caused to the plaintiff by any such nuisance."

Plaintiff failed to file the surety bond as directed but appealed to this court from the order described; and in connection therewith filed a nominal surety bond in the sum of $250 pursuant to § 605.10. Subsequently, defendants moved the district court for dismissal of plaintiff's action with prejudice because of her failure to file the bond ordered, and on September 30, 1959, the district court so ordered. Defendants thereupon moved to dismiss this appeal on the ground that the issues raised therein became moot upon the district court's order dismissing the action.

Defendants' plans and specifications for the sewage disposal system are in accordance with the standards of the Water Pollution Control Commission of the State of Minnesota and the United States Department of Health, Education, and Welfare. After approval by such

agencies, pursuant to 33 USCA, § 466, et seq., defendants applied to the Federal government for a grant-in-aid of such project in the sum of $250,000. This grant was made by the Federal government subject to compliance with the time schedule which was contained in the application therefor. Thereunder the deadline for completion of the negotiations was set for June 30, 1959, with the provision that if the project was not underway by that time the grant of $250,000 would revert to the United States Treasury. In addition to compliance with the state and Federal regulations, pursuant to charter requirements, the city conducted an election in which it voted approval of the issuance of $890,000 in bonds, the proceeds of which were also to be used in the construction of the sewage disposal system.

The record indicates that the entire project arose out of a bad sewage situation which presently exists in East Grand Forks. As set forth in the affidavit of R. N. Barr, secretary of the Water Pollution Control Commission of the State of Minnesota:

"* * * the dumping of the untreated sewage of the City of East Grand Forks into the Red River of the North has caused, and is causing one of the most serious stream pollution problems in the State of Minnesota, and a condition which has been and is dangerous to public health."

■ The city's authority to construct the system is contained in § 444.075, subd. 1, which provides in part:

"Any city, except cities of the first class operating under a home rule charter, or any village is hereby authorized and empowered to build, construct, * * * or in any other manner obtain sewers, sewage treatment plants, systems, and other facilities for disposing of sewage or industrial waste, all hereinafter called facilities, and to maintain and operate the same inside or outside the city or village limits."

See, State ex rel. Traeger v. Carleton, 242 Minn. 296, 64 N. W. (2d) 776.

■ Whether the district court was correct in requiring a bond in the sum of $250,000 is dependent upon the construction of § 562.02, which provides in part that:

"Whenever any action * * * is brought * * * questioning directly or indirectly the existence of any condition or thing precedent to, or the validity of any action taken or proposed to be taken by any public body or its officers or agents in the course of * * * the making of a contract for public improvement * * * such public body may move the court for an order requiring the party * * * bringing such action to file a surety bond as hereinafter set forth. * * * If the court determines that loss or damage to the public or taxpayers may result from the pendency of the action or proceeding, the court may require such party * * * to file a surety bond, * * * in such amount as the court may determine. Such bond shall be conditioned for payment to the public body of any loss or damage which may be caused to the public body or taxpayers by such delay, to the extent of the penal sum of such bond, if such party * * * shall not prevail therein. If such surety bond is not filed within a reasonable time allowed therefor by the court, the action shall be dismissed with prejudice."

There can be little question that the present action is one to which the statute would be applicable. Plaintiff has challenged directly the existence of conditions or things precedent to the action taken by the city of East Grand Forks and its officials in the construction of the lagoon-type sewage disposal system on the ground that it would constitute a nuisance and interfere with the enjoyment of plaintiff's property, and she seeks to enjoin the city from proceeding with the project. Accordingly, under the language of § 562.02, the city and its officials were well within their authority when they sought to require plaintiff to file a surety bond for protection against any loss to the taxpayers occasioned by any delay resulting from plaintiff's action. Governmental Research Bureau, Inc. v. Borgen, 224 Minn. 313, 28 N. W. (2d) 760; City of Minneapolis v. Village of Brooklyn Center, 223 Minn. 498, 27 N. W. (2d) 563; Zochrison v. Redemption Gold Corp. 200 Minn. 383, 274 N. W. 536; Tomasko v. Cotton, 200 Minn. 69, 273 N. W. 628.

In determining the amount of the bond required under § 562.02, the court was required to estimate the loss or damage which might result to the public or taxpayers as a result of plaintiff's action. Since

372

the delay occasioned thereby might well have resulted in the city's loss of the grant-in-aid from the Federal government in the sum of $250,000, the order requiring a bond in that amount could not be said to constitute an abuse of the court's discretion. Plaintiff having failed to file the required bond, the court was left with no alternative but to dismiss her action so that defendants might proceed without further delay.

The order appealed from, including dismissal of plaintiff's action, is in all respects affirmed.

Affirmed.