## CARL A. SISTO AND OTHERS v. HOUSING AND REDEVELOPMENT AUTHORITY OF DULUTH.

104 N. W. (2d) 529.

July 8, 1960—Nos. 38,137, 38,145.

*McCabe, Van Evera, Donovan & Mundt,* for appellants.
*Hamerston & Bye,* for respondent.

PER CURIAM.

Defendant, Housing and Redevelopment Authority of Duluth, is a governmental agency created under and pursuant to the Municipal Housing and Redevelopment Act, L. 1947, c. 487 (M. S. A. 462.415, et seq.), as amended. This action was brought by plaintiffs as citizens, taxpayers, and owners of real estate situated in the city of Duluth, seeking injunctive relief to restrain defendant from proceeding with certain housing and redevelopment projects in the city of Duluth. The merits of that controversy are not involved in this proceeding. On April 19, 1960, the trial court entered its order denying plaintiffs' application for a temporary injunction. Thereafter defendant moved the court for an order requiring plaintiffs to furnish a surety bond, in a sum to be determined by the court, under and by virtue of §§ 462.713, 462.714, and 462.715. On May 12, 1960, the district court made its order directing plaintiffs to file such surety bond, to be approved by said court, in the sum of $50,000 on or before 20 days after May 12, 1960. The order further provided that if plaintiffs failed to file said bond within the time specified the above-entitled matter "shall be dismissed with prejudice as to plaintiffs' cause of action."

On May 20, 1960, Jack A. McDonald and Dean Cosner, two of the plaintiffs, served a notice of appeal from the order denying a temporary injunction on defendant's attorneys and filed the notice of appeal in the office of the clerk of the District Court of St. Louis County, together with a $250 cost bond. No supersedeas bond was filed. On June 1, 1960, plaintiffs served upon defendant a notice of appeal from the order of May 12, 1960. Here, again, a $250 cost bond was filed with the clerk of the district court, but no supersedeas

bond was filed. Defendant now moves this court for an order dismissing both appeals on the ground that the case has been dismissed with prejudice by virtue of plaintiffs' failure to file the bond required by the court's order of May 12 and that all questions involved in the appeal have become moot.

At the 1959 session of our legislature, §§ 462.713 and 462.714 were adopted. They read:

§ 462.713. "When any action or proceeding at law or in equity shall hereafter be commenced, drawing in question the right, power, or authority of a public corporation created and operating under Minnesota Statutes 1957, Sections 462.415 to 462.711 and Laws 1959, chapter 545, sections 1 to 19, to do any act or to make or perform any contract or agreement or to undertake or enter upon the discharge of any obligations or commitments under such statutes, the corporation may, if it deems that the pendency of such litigation might directly or indirectly impair its borrowing power, increase the cost of its projects, or be otherwise injurious to the public interest, move the court in which such litigation is pending, to require the party or parties who instituted the suit to give a surety bond as provided in sections 462.714 to 462.716."

§ 462.714. "If the public corporation is not a party to the litigation described in section 462.713 it may appear specially for the purpose of making and being heard on such a motion. Three days' notice of hearing on the motion shall be given. If the court determines that loss or damage to the public or taxpayers may result from the pendency of the action or proceeding, the court may require the party or parties who instituted the same to give a surety bond, approved by the court or judge, in a penal sum to be determined by the court to protect against such loss or damage, whether or not a temporary injunction or restraining order against the corporation shall have been demanded or ordered. If the bond so ordered be not filed within the reasonable time allowed therefor by the court, the action or proceeding shall be dismissed with prejudice. Such bond shall be executed by the party or parties who instituted the litigation or some person for him or them as principal and conditioned for the payment to the corporation of such damage as

the public and taxpayers shall sustain by reason of the litigation, if the court finally determines that the party or parties were not entitled to the relief sought. The amount of damages may be ascertained by a reference or otherwise as the court shall direct, in which case the sureties shall be concluded as to the amount but the damages shall be recoverable only in an action on the bond. If the party or parties by or for whom such bond is furnished prevails in the litigation, the premium paid on the bond shall be repaid by or taxed against the corporation. During the pendency of the litigation, the court, on motion, may require additional security if found necessary, and upon failure to furnish the same shall dismiss the action or proceeding with prejudice. The court may likewise, on motion, reduce the amount of a bond theretofore required or release the bond upon a showing that the amount is excessive or the bond no longer required."

The question presented here, simply stated, is this: Where, under §§ 462.713 and 462.714, the trial court orders those who come within the provisions of these sections to furnish a bond, and before the expiration of the time allowed for furnishing such bond an appeal is perfected to this court from such order, does the appeal stay the effect of the order or extend the time for furnishing such bond?

The facts of the case are almost identical with those in Ashenbrenner v. City of East Grand Forks, 257 Minn. 368, 102 N. W. (2d) 28. In that case the bond was required under the provisions of § 562.02, which applies to public bodies generally and for all practical purposes is identical with §§ 462.713 and 462.714. We there upheld the authority of the trial court to fix such bond and affirmed a dismissal of the action for failure to comply.

Plaintiffs contend that § 462.715 recognizes the right to appeal from an order requiring such bond. That section reads:

"In any litigation as described in sections 462.713 to 462.714, wherein a bond has been required *and given* or the court has denied a motion to require such bond, the court shall advance the case on its calendar for trial at the earliest feasible date; and in such litigation an appeal to the supreme court from an appealable order made, or from a judgment entered in a district court may be taken after 30 days from

entry of such judgment or after written notice of such order from the adverse party." (Italics supplied.)

It is obvious that this section deals only with a situation where a bond is required *and given* or one where a motion to require a bond is denied. It does not include a situation, like we have here, where a bond is required *and not furnished.* In that respect the language of § 462.715 differs from that of § 562.04. Section 462.715 being the last enactment applicable only to the type of public corporation we have here, it must be presumed that the legislature used the language contained in it to express the purpose it sought to accomplish.

If the bond required is excessive, plaintiffs could obtain a review by filing a supersedeas bond. Under § 605.11, where an appeal is taken from an order, it is necessary to furnish a supersedeas bond in such amount as the court may approve if there is to be a stay of such order. Failure to file such supersedeas bond permits the order to remain in full force and effect. Where the bond furnished is insufficient, we have held that this court, on application, may require a bond in a sufficient amount to protect defendant.[1] In Barrett v. Smith, 184 Minn. 107, 237 N. W. 881, we held that this court, in the first instance, may fix the amount of such supersedeas bond. We think that the opposite also is true that, where a supersedeas bond in an excessive amount is required by the trial court, this court has inherent power to reduce the amount thereof. It follows that in this case the proper procedure, if plaintiffs wished to stay the running of the order of May 12, would have been to apply to the district court to fix a supersedeas bond, and, if that court refused to do so, or fixed the bond in an excessive amount, application should have been made to this court to determine the amount thereof. No action having been taken to stay the running of the order of May 12, it remained in full force and effect, and, by virtue of operation thereof, this action became dismissed with prejudice under and pursuant to the provisions of § 462.714, and all issues involved therein are now moot. Any other result would nullify the object the leg-

---

[1]Johnson v. O'Brien, 256 Minn. 587, 99 N. W. (2d) 465; Bock v. Sauk Center Grocery Co. 100 Minn. 71, 110 N. W. 257, 9 L.R.A. (N.S.) 1054, 10 Ann. Cas. 802.

islature obviously intended to accomplish by enactment of §§ 462.713 and 462.714. It follows that there is nothing for us to review, and the motion to dismiss must be and is hereby granted.

Appeals dismissed.