The **KILOWATT ORGANIZATION (TKO), INC.,** Appellant,

v.

The **DEPARTMENT OF ENERGY, PLANNING AND DEVELOPMENT,** Respondent,

**Northern States Power Company,** Respondent,

**Southern Minnesota Municipal Power Agency (SMMPA),** Respondent,

**United Minnesota Municipal Power Agency (UMMPA),** Respondent.

No. C4–83–730.

Supreme Court of Minnesota.

July 29, 1983.

Rehearing and Clarification Denied Aug. 24, 1983.

**530**

Wendell Bradley, Lea Foushee, George Crocker, Minneapolis, for appellant.

Dwight S. Wagenius, Thomas J. Barrett, St. Paul, for Dept. of Energy, Planning and Dev.

Popham, Haik, Schnobrich, Kaufman & Doty and Raymond A. Haik, Minneapolis, for NSP.

Dorsey & Whitney and Craig A. Beck, Rochester, for SMMPA.

Dorsey & Whitney and William J. Keppel, Minneapolis, for UMMPA.

AMDAHL, Chief Justice.

The Kilowatt Organization (TKO), Inc., appeals from the dismissal of its suit seeking review of the decision of the Commissioner of the Minnesota Department of Energy, Planning and Development to grant a certificate of need for an additional electric generating facility in Sherburne County (Sherco 3), which was proposed by respondents NSP and two municipal power agencies. The Ramsey County District Court, Hon. Otis H. Godfrey, Jr., heard this matter at special term, on March 28, 1983, on respondents', Southern Minnesota Municipal Power Agency (SMMPA) and United Minnesota Municipal Power Agency (UMMPA), motion for an order requiring TKO to file a surety bond and for other relief. The court refused respondents' request for a $26,000,-000 bond; instead, it ordered TKO to post a $6,000,000 bond with the district court no later than April 11, 1983. The court took this action pursuant to Minn.Stat. § 562.02 (1982), which provides that a court can require the posting of a surety bond in any matter where a public body proposes the authorization, sale, issuance or delivery of bonds if the court determines that loss or damage to the public or taxpayers may result from the pendency of the action. When TKO failed to post the required bond, the district court issued an order for judgment on April 12, 1983, dismissing TKO's action with prejudice but without costs to any party. TKO timely appealed on May 13 from the district court order for judgment. We affirm.

TKO's involvement in the administrative hearing was as an intervenor. It opposed the issuance of the certificate of need for Sherco 3. The hearing to determine whether a certificate of need should issue began on February 8, 1982, and concluded on July 13, 1982, occupying 70 hearing dates. Over 300 witnesses testified in over 14,000 pages of transcript. Hearings were held in Becker, Rochester, Austin, Owatonna, Mora and St. Paul. TKO participated throughout the administrative hearings.

The first issue to be addressed is whether the trial court properly followed Minn.Stat. § 562.02 (1982) in requiring TKO to post a $6,000,000 surety bond. Section 562.02 provides in pertinent part:

Wherever any action at law or in equity is brought in any court in this state questioning directly or indirectly the existence of any condition or thing precedent to, or the validity of any action taken or proposed to be taken, by any public body or its officers or agents in the course of the authorization or sale, issuance or delivery of bonds, the making of a contract for public improvement or the validity of any proceeding to alter the organization of a school district in any manner, *such public body may move the court for an order requiring the party, or parties, bringing such action to file a surety bond* as hereinafter set forth. * * * If the court determines that loss or damage to the public or taxpayers may result from the pendency of the action or proceeding, the court may require such party, or parties, to file a surety bond, which shall be approved by the court, in such amount as the court may determine. Such bond shall be conditioned for payment to the public body of any loss or damage which may be caused to the public body or taxpayers by such delay, to the extent of the penal sum of such bond, if such party, or parties, shall not prevail therein.

Minn.Stat. § 562.02 (1982) (emphasis added).

This court has interpreted section 562.02 on previous occasions. In *Gram v. Village of Shoreview*, 259 Minn. 145, 106 N.W.2d 553 (1960), we upheld the constitutionality of section 562.02 in the face of challenges that it violated state and federal due proc-

ess clauses. 259 Minn. at 154, 106 N.W.2d at 559. Section 562.02 was also upheld in *Gram* against the claim that it operates to deny a remedy in contravention of Minn. Const. art. 1, § 8. *Id.*

Another case involving section 562.02 is *Ashenbrenner v. City of East Grand Forks,* 257 Minn. 368, 102 N.W.2d 28 (1960). In *Ashenbrenner,* the plaintiff owned property near an area in which the City of East Grand Forks was constructing a lagoon-type sewage disposal system. Plaintiff sought to enjoin construction, arguing that it would constitute a nuisance and injure her health. Defendants denied these allegations and, pursuant to Minn.Stat. § 562.-02 (1982), moved to require plaintiff to post a surety bond to indemnify the city for losses it might incur during the delay. *Id.* The district court granted defendants' motion and we affirmed on appeal.

 Comparing the facts of *Ashenbrenner* to those presented in this case, it becomes clear that the district court was within its statutory power in requiring TKO to post a bond. Section 562.02 was adopted by the legislature "for the apparent purpose of discouraging vexatious lawsuits by irresponsible litigants." *Village of Elbow Lake v. Otter Tail Power Co.,* 281 Minn. 43, 46, 160 N.W.2d 571, 574 (1968). While this court does not suggest that TKO is an irresponsible litigant, TKO certainly has been intimately and steadfastly involved with the entire administrative proceeding since August 1981. Under these circumstances, we conclude that the district court's application of section 562.02 was consistent with the legislative goal of permitting public projects to advance by discouraging needlessly duplicative proceedings.

Finally, TKO contends that section 14.63 of the Administrative Procedure Act supersedes section 562.02. Minn.Stat. § 14.63 (1982) provides:

Any person aggrieved by a final decision in a contested case is entitled to judicial review of the decision under the provisions of sections 14.63 to 14.68, but nothing in sections 14.63 to 14.68 shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo provided by law now or hereafter enacted. A petition by an aggrieved person for judicial review under sections 14.63 to 14.68 must be filed with the district court and served on the agency not more than 30 days after the party receives the final decision and order of the agency.

Minn.Stat. § 14.63 (1982).

This court considered the interplay of the Administrative Procedure Act and another procedural statute in *In Re Northwestern Bell Telephone Co.,* 310 Minn. 146, 246 N.W.2d 28 (1976). *Northwestern Bell* involved the power of the district court to remand an order of the Public Service Commission. Minn.Stat. § 237.25 (1978), originally enacted before the Administrative Procedure Act, allowed the district court to remand only if the "department erroneously rejected evidence * * *." Minn.Stat. § 237.25 (1978). The Administrative Procedure Act is more generally applicable and allows a remand of an administrative proceeding if the agency's findings or conclusions are "[u]nsupported by substantial evidence in view of the entire record as submitted * * *." Minn.Stat. § 14.69(e) (1982) (formerly codified as Minn.Stat. § 15.0425). This court's task in *Northwestern Bell* was to reconcile the language of section 237.25 with the predecessor of section 14.69(e). We held that the sections were cumulative, granting the district court additional, and not exclusive, power. 310 Minn. at 151, 246 N.W.2d at 31. The district court, therefore, was allowed to exercise discretion in determining whether to remand to the commission or to deny remand and avoid costly delays.

 Similarly, we conclude that section 14.63 of the Administrative Procedure Act and section 562.02 are cumulative, not exclusive, statutes. The district court, in its discretion, could have either allowed judicial review without requiring a bond, or insist that a bond be posted. The district court followed the latter route and, in its discretion, required TKO to post a bond. TKO was not deprived of judicial review.

Judicial review is merely conditioned upon the provisions of section 562.02. Section 14.63 of the Administrative Procedure Act and section 562.02 are complementary and not adverse to each other. *Cf.* Minn.Stat. § 645.26, subd. 1 (1982) (two conflicting provisions shall be construed, if possible, so that effect may be given to both).

Although it is true that judicial review may be effectively precluded if a district court imposes a high monetary bond, that result was clearly considered by the legislature in enacting section 562.02. It must be presumed that the Legislature acted with full knowledge of prior legislation when it enacted the Administrative Procedure Act. *See People for Environmental Enlightenment and Responsibility (PEER), Inc. v. Minnesota Environmental Quality Council,* 266 N.W.2d 858, 866 (Minn. 1978). The only consideration for this court is whether TKO was deprived of due process in these proceedings. We hold, because of the extensive administrative proceedings and TKO's admitted involvement in them, that TKO was not deprived of due process.

The final issue in this case is whether the trial court abused its discretion in setting the amount of the bond at $6,000,000. Under Minn.Stat. § 562.02 (1982) the trial court is granted discretion to determine the amount of the surety bond:

> If the court determines that loss or damage to the public or taxpayers may result from the pendency of the action or proceeding, the court may require such party, or parties, to file a surety bond, which shall be approved by the court, in such amount as the court may determine.

On appeal, the trial court's exercise of discretion shall not be overturned except for a clear abuse of discretion. *E.g., SST, Inc. v. City of Minneapolis,* 288 N.W.2d 225, 231 (Minn.1979).

Under the facts of this case, the trial court did not abuse its discretion in determining the amount of the bond. Although the amount may perhaps be viewed as excessive from the perspective of what TKO can likely afford to pay, the $6,000,000 bond

is justified by the evidence presented to the trial court. Accordingly, we affirm.

Affirmed.

PETERSON, J., took no part in the consideration or decision of this case.