**In Re the Marriage of Merriam C. LAST, Petitioner,**

v.

**Douglas A. LAST, Respondent.**

**Edward L. WINER and Moss and Barnett, a Professional Association, judgment creditors, Respondents,**

v.

**Merriam C. LAST, judgment debtor, Petitioner,**

v.

**Douglas A. LAST, garnishee.**

No. C8–88–1592.

Court of Appeals of Minnesota.

Aug. 30, 1988.

Constantine Gekas, Bloomington, for Merriam C. Last.

James B. Storkamp, Hastings, for Douglas A. Last.

Christopher Farwell, Moss and Barnett, Minneapolis, for Edward L. Winer.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and SCHUMACHER, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Petitioner Merriam Last was represented, during a portion of her dissolution proceedings, by respondents Winer and Moss and Barnett. Merriam Last retained other counsel and judgment was entered against her in 1987 for unpaid fees, pursuant to an attorney's lien of Winer and Moss and Barnett. The dissolution became final in April 1988, and the judgment requires respondent Douglas Last to make monthly payments for permanent spousal maintenance.

Winer and Moss and Barnett began garnishment proceedings to collect their judgment from the maintenance payments. Petitioner Merriam Last sought a court order to declare that the payments were exempt from garnishment. The trial court held the maintenance payments are subject to garnishment. Petitioner seeks a writ of mandamus to compel the trial court to vacate its order or, alternatively, to require the trial court to construe the maintenance payments as "earnings" subject to a 25 percent limitation on garnishment.

### DECISION

Mandamus will lie to compel the trial court to do that which it is clearly required to do, but it cannot control judicial discretion. Minn.Stat. § 586.01 (1986). Mandamus will not issue where the ordinary remedy of appeal is adequate.

"Any party to a garnishment proceeding aggrieved by an order or final judgment may appeal as in other civil cases." Minn. Stat. § 571.64 (1986). The trial court's order is final on the claim that maintenance payments are not subject to garnishment, and it is appealable. (Petitioner did not provide us with a copy of her motion papers, and we are unable to determine whether she argued below that the payments constitute "earnings." The trial court's order does not explicitly address this claim. Of course, an argument may not be raised for the first time on appeal.)

Petitioner appears to claim that the remedy of direct appeal is inadequate because the garnishment will proceed during the pendency of such appeal. This does not render the ordinary remedy of appeal inadequate so as to require review by mandamus. Petitioner may move this court to establish an expedited briefing schedule on appeal. She may request a stay of the

garnishment order from the trial court. She may present arguments on the terms and amount of security needed to protect respondent. *See* Minn.R.Civ.App.P. 108.01, subd. 1. Once an appeal has been filed, this court has the authority to reduce a clearly excessive supersedeas bond. *Sisto v. Housing & Redevelopment Authority,* 258 Minn. 391, 395, 104 N.W.2d 529, 532 (1960). Petitioner failed to establish that the remedy of appeal is inadequate.

Our denial of the petition for mandamus does not indicate any determination on the merits of petitioner's claim. We reserve review of the propriety of the trial court's decision for possible future appeal.

Petition for mandamus denied.