**Steven ANDERLY d/b/a Nye's Polonaise Room Restaurant, et al., Appellants,**

v.

**CITY OF MINNEAPOLIS, Minneapolis Community Development Agency, Brighton Development Corporation and Marquette Historic Limited Partnership, Respondents.**

No. C5–95–1021.

Court of Appeals of Minnesota.

Nov. 21, 1995.

Review Granted Jan. 25, 1996.

Kay Nord Hunt, James M. Lockhart, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for appellants.

Surrell Brady, City Attorney, Michael T. Norton, Assistant City Attorney, Minneapolis, for City of Minneapolis.

John M. LeFevre, Jr., Kennedy & Graven, Minneapolis, for Minneapolis Community Development Agency.

Louis N. Smith, Popham Haik Schnobrich & Kaufman, Minneapolis, Jack Cann, Cann Law Office, Minneapolis, for Brighton Development Corporation and Marquette Historic Limited Partnership.

Considered and decided by SHORT, P.J., and PARKER and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

Appellants Steven Anderly d/b/a Nye's Polonaise Room Restaurant, et al. brought this action against respondents City of Minneapolis, et al., seeking declaratory and injunctive relief for actions taken by respondents in furtherance of a redevelopment plan for an area containing historic buildings. This appeal is from a judgment dismissing appellants' action with prejudice after they failed to post a surety bond as ordered by the district court under Minn.Stat. § 469.044 (1994). Because we conclude that respondents failed to establish entitlement to a bond under section 469.044, we reverse.

## FACTS

The subject of this case is the Marquette Block, located north of the east bank of the Mississippi River in the St. Anthony Falls area of Minneapolis. The Marquette Block contains five historic buildings and a surface parking lot with 185 spaces.

Respondent Minneapolis Community Development Agency (MCDA), an agency entrusted with fostering redevelopment in respondent City of Minneapolis (the city), owns the Marquette Block and has been attempting to develop it since 1986. In July 1994, the MCDA chose respondent Brighton Development Corporation (Brighton) as the developer. Brighton in turn created respondent Marquette Historic Limited Partnership (MHLP) to develop the Marquette Block.

Brighton proposed development of the Marquette Block as a planned unit development (PUD), requiring Brighton to obtain a conditional use permit (CUP) from the city. On November 10, the city council voted to approve Brighton's CUP application subject to certain conditions, including dedication of at least 32 stalls for public parking. On November 30, MCDA executed redevelopment contracts with Brighton and MHLP.

Appellants are businesses that operate in the St. Anthony Falls area. Appellant Steven Anderly owns Nye's Polonaise Room Restaurant, which leases 75 of the parking spaces in the Marquette Block lot. Appellants brought this action against respondents in January 1995, seeking the following relief:

1. Declaring that the City's conduct in granting a conditional use permit to Brighton was unreasonable, arbitrary, capricious, unauthorized or otherwise contrary to law.

2. Declaring that the Redevelopment Contract entered into between the MCDA and Marquette L.P. is invalid for purposes of the proposed use of the property provided for therein.

3. Issuing an injunction prohibiting Brighton and Marquette from proceeding with the development of the Marquette Block without first adequately providing for the parking needs of the Plaintiffs and other area businesses.

4. For such other relief as the Court deems just, fair and equitable.

Respondents moved to require that appellants post a surety bond under Minn.Stat. § 469.044. Appellants opposed the motion, arguing that section 469.044 does not apply to this action and that respondents' allegations of loss or damage to the public were entirely speculative.

A hearing was held on February 23, 1995. On March 3, the district court granted the motion for a surety bond and ordered appellants to post a $500,000 bond within seven days. On March 10, appellants moved for reconsideration and leave to amend their complaint to delete paragraph 2 of their prayer for relief, which sought to invalidate the redevelopment contract between MCDA and MHLP. The district court denied appellant's motion, found there was no just reason for delay, and ordered that judgment be entered. This appeal [1] is from the judgment dismissing appellants' action with prejudice.

## ISSUES

I. Is this appeal moot?

II. Did respondents establish entitlement to a bond under Minn.Stat. § 469.044?

## ANALYSIS

### I

■ Respondents argue that this appeal is moot because appellants failed to either seek a stay of the district court's order requiring them to post a surety bond or obtain a supersedeas bond. They rely upon *Sisto v. Housing & Redev. Auth.*, 258 Minn. 391, 104 N.W.2d 529 (1960). *Sisto* involved two ap-

---

1. Prior to oral arguments in this case, we requested the parties to be prepared to address the issue of whether this appeal was timely because taken more than 30 days after entry of the judgment. *See* Minn.Stat. § 469.046 (1994) (appeal from judgment entered in district court "may be taken after 30 days from entry of the judgment").

Upon further consideration, we do not believe that the language of section 469.046 is ambiguous when applied to the facts of this case. Since this appeal was filed within 90 days after entry of the judgment, we conclude it was timely. *See* Minn.R.Civ.App.P. 104.01 (appeal may be taken from judgment within 90 days after its entry).

peals: the first was from an order denying a temporary injunction and the second was from an order directing plaintiffs to furnish a surety bond under Minn.Stat. §§ 462.713–.715 (1957) (statutory predecessors to Minn. Stat. §§ 469.044–.046 (1994)). *Sisto,* 258 Minn. at 392–93, 104 N.W.2d at 530. No supersedeas bonds [2] were filed in connection with either appeal, the second order was not stayed, and the underlying injunction action was dismissed with prejudice. The supreme court dismissed both appeals as moot. *Id.* at 395–96, 104 N.W.2d at 532.

*Sisto,* however, is distinguishable from this case. The first appeal in *Sisto* was from an appealable order denying a temporary injunction. *See* Minn.R.Civ.App.P. 103.03(b). That appeal presumably rendered possible review of the second appeal from the order requiring a bond. Once final judgment was entered dismissing the underlying case with prejudice, the propriety of denying a temporary injunction became moot. That does not mean, however, that the plaintiffs in *Sisto* necessarily would have been precluded from filing a timely appeal from a judgment dismissing the action for failure to post a surety bond. *Cf. Pike v. Gunyou,* 491 N.W.2d 288, 291 (Minn.1992); *Gram v. Village of Shoreview,* 259 Minn. 145, 146, 106 N.W.2d 553, 554 (1960) (involving appeals from judgments of dismissals under Minn.Stat. § 562.02 [3], which deals with surety bonds in actions questioning sale, issuance or delivery of governmental bonds or contracts for public improvements).

In this case, the March 3 order requiring the posting of a surety bond was not independently appealable. *See* Minn.R.Civ. App.P. 103.03 (listing appealable orders). As such, appellants' only avenue of review was an appeal from the final judgment dismissing their claim with prejudice for failing to post the bond. *Sisto* therefore does not compel dismissal of this appeal.

**2.** Minn.Stat. § 605.11 (1957), which has since been repealed, provided that on appeal from an order, all proceedings "shall" be stayed if the appellant posted a supersedeas bond. *Cf.* Minn. R.Civ.App.P. 108 (provisions dealing with supersedeas bonds on appeal).

## II

■ MCDA requested the bond under the following statute:

> When any action or proceeding at law or in equity is commenced, drawing in question the right, power, or authority of a public corporation created and operating under sections 469.001 to 469.047 to do any act or to make or perform any contract or agreement or to undertake or enter upon the discharge of any obligations or commitments under those statutes, the corporation may, if it deems that the pendency of the litigation might directly or indirectly impair its borrowing power, increase the cost of its projects, or be otherwise injurious to the public interest, move the court in which the litigation is pending to require the party who instituted the suit to give a surety bond as provided in sections 469.045 to 469.047.

Minn.Stat. § 469.044 (1994).

■ Appellants argue that requiring them to post a bond effectively precluded appellate review of the city's zoning decision. *See* Minn.Stat. § 462.361, subd. 1 (allows "[a]ny person aggrieved" by a zoning decision to appeal). We disagree. The supreme court rejected a similar argument in *Kilowatt Org., Inc. v. Department of Energy, Planning & Dev.,* 336 N.W.2d 529, 532 (Minn.1983) (judicial review provisions of Minn.Stat. § 14.63 do not supersede surety bond requirement of section 562.02; sections 14.63 and 562.02 "are cumulative, not exclusive statutes"; and plaintiff not deprived of judicial review by requirement of posting bond). Thus, assuming the other requirements of section 469.044 are met, a surety bond may be sought in a case challenging a zoning decision.

Section 469.044 allows for a bond in any action challenging a public body's "right, power, or authority * * * to do any act or to make or perform any contract." The district court reasoned that the legislature intended this bonding provision to be broadly inter-

**3.** Although the language of Minn.Stat. § 562.02 is "slightly different" from that of Minn.Stat. § 469.044, the two statutes are of a "similar nature." *Gram,* 259 Minn. at 149, 106 N.W.2d at 556. Thus, cases involving section 562.02 are relevant to this case.

preted and that appellants' action "clearly calls into question the MCDA's power, right or authority to execute and perform redevelopment contracts." While we agree that this bonding provision should be broadly interpreted, we disagree with the district court's characterization of the underlying suit. Appellants' claim does not challenge MCDA's right to sell the property to Brighton. Nor does it seek to enjoin MCDA from developing the property, to require the demolition of any historic buildings, or to require that the property be used for parking. Rather, this claim merely challenges the city's authority to grant Brighton a CUP and seeks to require that the city follow its own zoning ordinances.

Section 469.044 further requires that the public body establish that the pendency of the litigation "directly or indirectly impair[s] its borrowing power, increase[s] the costs of the project, or [is] otherwise injurious to the public." In support of its motion for a surety bond, MCDA submitted affidavits from the manager of its business development department, and from Brighton's president and architect. Brighton's president claimed that the bank would not close on its loans unless this lawsuit was resolved to its satisfaction. Both the president and architect claimed that any delays might significantly increase the project costs due to the deteriorated condition of the buildings. MCDA's manager also stated that MCDA's eight-year attempt to redevelop the Marquette Block has involved "substantial staff time and expense," and that the pending litigation "precludes Brighton from using the tax credits or obtaining financing," thus preventing "MCDA from carrying out its redevelopment obligations under statute and contract for the Marquette site."

These affidavits relate solely to the borrowing power of Brighton, not MCDA. Any injury alleged by MCDA is speculative, because the record fails to establish that this litigation will preclude financing or increase project costs. Indeed, despite the pendency of this appeal, Brighton has closed on the financing. The historic buildings located on the Marquette Block may continue to deteriorate, but they have been vacant and in disrepair for years. The allegations of injury or loss made in the various affidavits submitted by MCDA are speculative and fail to establish that MCDA will suffer any loss. *Cf. Anderson v. Pearson,* 400 N.W.2d 210, 213 (Minn.App.1987) (when potential for detriment to public not evident, matter remanded for evidentiary hearing on damage or loss to public from lawsuit); *Baton Corp. v. City of Minneapolis,* No. 3–94–43, slip op. at 3–4 (D.Minn. Dec. 20, 1994) (Lebedoff, Mag. J.) (denying MCDA's motion for $9 million surety bond when unclear whether action would prevent MCDA and Brighton from proceeding with project or cause loss or damage; MCDA's claimed damages from loss of increased real estate tax revenues, increased spending by future residents, or replacement of low-income housing units too speculative to require surety bond). Under these circumstances, we conclude the district court abused its discretion in ordering a bond under section 469.044.

Because we hold that respondents have failed to show entitlement to a bond under section 469.044, we need not determine whether the district court abused its discretion in either the amount or timing of the bonding requirements. We also decline to address respondents' arguments that the bond was appropriate under a number of other statutes and that appellants lacked standing to challenge the city's zoning decision. On appeal from a district court's decision dismissing an action with prejudice for failing to file a surety bond, we must confine our review to the applicability of the particular bonding statute to the underlying proceedings and to a determination of whether the bonding requirements were a clear abuse of the district court's discretion. *Pike,* 491 N.W.2d at 290–91 (supreme court's decision focused solely on propriety of bond under section 562.02, even though defendants had also moved for bond under section 473.675).

## DECISION

The judgment dismissing appellants' action with prejudice for failing to post a surety bond under Minn.Stat. § 469.044 is reversed.

**Reversed.**