## JOHN D. BARRETT AND ANOTHER v. HASSEL M. SMITH AND OTHERS.[1]

September 11, 1931.

No. 28,740.

*Junell, Oakley, Driscoll & Fletcher,* for defendants.
*George S. Grimes,* for plaintiffs.

LORING, J.

August 4, 1931, judgment was entered in the district court of Hennepin county against defendant Smith for $9,894.11 and against

[1]Reported in 237 N. W. 881.

defendant Ellison for $9,674.32 in a stockholders' suit for and in behalf of the Cedar Lake Ice & Fuel Company. These two defendants will hereinafter be referred to as the defendants. August 7, 1931, both defendants appealed from the judgment, giving a cost bond only. August 13, 1931, a supersedeas bond in the principal sum of $20,000, with a surety company as surety, was executed by the defendants, approved by the chief justice of this court, and filed here, August 14, 1931. August 4, 1931, garnishee summonses were served upon the First Minneapolis Trust Company, the First National Bank of Minneapolis, and the Northwestern National Bank of Minneapolis as garnishees, and substantial sums belonging to the defendants were thereby impounded. August 11, 1931, executions were issued and levies were made on property of these defendants in the hands of the Cedar Lake Ice & Fuel Company, the First National Bank of Minneapolis, the First Minneapolis Trust Company, and the Northwestern National Bank of Minneapolis. No returns have been made on these levies, presumably because of the filing of the supersedeas bond.

Smith and Ellison have moved this court for an order recalling the garnishee summonses and the writs of execution and releasing the levies made thereunder on the ground that the company is amply protected by the supersedeas bond, that the process so issued is unnecessary for that company's protection, and that such service and levies unnecessarily damage the defendants and were maliciously intended to do so. The respondents challenge the authority of this court to grant the relief and also the procedure in applying to this court for approval of the supersedeas bond and the filing of it here. They cite the case of Axford v. Western Syndicate Inv. Co. 141 Minn. 412, 168 N. W. 97, 170 N. W. 587. In that case the amount of the supersedeas bond had been fixed by the court below, and application was made here to have the amount reduced as exorbitant. This court refused to regard it as excessive and therefore took no action. It did however cite with approval Bock v. Sauk Center Grocery Co. 100 Minn. 71, 110 N. W. 257, 258, 9 L.R.A.(N.S.) 1054, 10 Ann. Cas. 802, where it was held that this

court, after appeal perfected, might require a new supersedeas bond to protect the respondent.

We hold that this court may approve and accept a supersedeas bond in the first instance, where the appeal has been perfected and this court has acquired jurisdiction. Any language to the contrary in the Axford case is hereby expressly overruled. Such bond may be approved by a justice of this court under G. S. 1923 (2 Mason, 1927) § 9694(3). The respondents complain that a copy of the bond was not served upon them as required by statute. This was an irregularity which they should have challenged by an appropriate motion.

On the face of the papers before us the $20,000 supersedeas bond amply protects the company. In fact it appears that the appellants are possessed of considerable property and are creditors of the company in whose favor the judgment was entered.

The principal question presented by this motion is whether or not this court's inherent powers authorize it to grant the relief sought. In Bock v. Sauk Center Grocery Co. 100 Minn. 71, 73, 110 N. W. 257, 258, 9 L.R.A.(N.S.) 1054, 10 Ann. Cas. 802, this court said:

"The exclusive jurisdiction of this court over the subject-matter of the appeal pending the appeal carries with it, as a necessary incident, the power to protect the rights of the parties pending the appeal in the subject-matter thereof. * * *

"Under our appellate procedure no reason occurs to us why this power to protect the parties and their interests pending the appeal should be limited; on the contrary, we are of the opinion that it ought to be as broad as the necessities of justice in each particular case."

The United States and New York cases cited on page 74 of the Bock case and the Wisconsin and New York cases hereinafter cited amply sustain this court in its power to grant the relief sought here. In Tilley v. Washburn, 91 Wis. 105, 64 N. W. 312, the supreme court of Wisconsin granted a motion to recall an execution and release a levy where a supersedeas bond had been given after

the levy had been made. The court held that it had inherent power to do so. Like relief was granted by the superior court of New York in the case of Stricker v. Wakeman, 13 Abb. Prac. 85, 86, where the court said:

"The court has power, in the exercise of its discretion in its equitable control over its own judgments and process, to do both, if the ends of justice or the prevention of unnecessary or oppressive hardship requires it. And it should be done when there is no suggestion that the appeal is not taken in good faith, or that the security given on the appeal is not ample to secure to the defendant [sic] the amount of his recovery, if the judgment should be affirmed."

In our opinion the garnishments and levies are working an unnecessary and oppressive hardship on the defendants, and the respondents are sufficiently protected by the supersedeas bond.

It is ordered that the garnishee summonses heretofore issued in the district court of Hennepin county in the above entitled action and directed to the First Minneapolis Trust Company, the First National Bank of Minneapolis, and the Northwestern National Bank of Minneapolis be recalled and the liens acquired thereunder be discharged and that the writs of execution issued out of said court in said action be recalled and the levies thereunder made by the sheriff of that county upon defendants' property be released. As a condition of this order the appellants shall pay respondents the clerk's, sheriff's, and garnishees' fees, incurred in connection with such garnishments, executions, and levies. No costs are allowed on this motion.