**CAREER RESOURCES, INC.,**
Respondent,

v.

**PEARSON CANDY COMPANY, Appellant.**

No. C6–88–1736.

Court of Appeals of Minnesota.

Sept. 13, 1988.

Joel Lavintman, Smith, Juster, Feikema, Malmon & Haskvitz, Minneapolis, for respondent.

Robert Boisvert, Jr., Fredrikson & Byron, Minneapolis, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and SCHUMACHER, JJ., without oral argument.

**SPECIAL TERM OPINION**

WOZNIAK, Chief Judge.

### FACTS

The trial court granted summary judgment for Career Resources on its claim for an employee placement fee. A money judgment was entered on July 25, 1988. A writ of execution was issued on August 3. This appeal, from the judgment, was filed on August 15. In connection with the appeal, the trial court approved a supersedeas bond, which was posted by appellant. Pearson Candy now moves for a stay of execution pending appeal and the return of amounts already seized from its bank accounts.

### DECISION

An appellant who posts a supersedeas bond in the amount and form approved by the trial court is entitled to a stay of enforcement of the judgment appealed from.

Minn.R.Civ.App.P. 108.01, subd. 1. The problem in this case arose because Career Resources began proceedings to enforce its judgment before the time had expired for Pearson Candy to file an appeal from that judgment. *See* Minn.R.Civ.App.P. 104.01 (appeal from judgment to be taken within 90 days after entry).

Now that Career Resources has full security for its judgment, it has cited no authority which permits it to also retain the amounts previously seized. Career Resources must return all amounts seized, minus any fees paid to the clerk, sheriff, and bank in connection with the execution. *Barrett v. Smith*, 184 Minn. 107, 237 N.W. 881 (1931). Further proceedings to enforce the judgment pending this appeal are stayed.

MOTION FOR STAY GRANTED.