DRJ, INC., d/b/a Diva's Overtime
Lounge, Relator,

v.

CITY OF ST. PAUL, Respondent.

No. A07–1599.

Court of Appeals of Minnesota.

Nov. 13, 2007.

Marshall H. Tanick, Andrew J. Dawkins, Mansfield, Tanick & Cohen, St., Minneapolis, MN, for relator.

John Choi, St. Paul City Attorney, Rachel A. Gunderson, Assistant City Attorney, St. Paul, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge; Willis, JUDGE; and MINGE, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

Relator DRJ, Inc., d/b/a Diva's Overtime Lounge, has been under the current ownership and management since 2005. Respondent City of St. Paul issued various licenses, including an on-sale liquor license, for the bar's operations. Numerous conditions were imposed on the licenses, including requirements for the operation of videotaping surveillance equipment, retention of videotapes, and cooperation with law enforcement authorities. In 2006, respondent revoked permission for the bar to remain open until 2 a.m. In early 2007, hearings were held before two administrative law judges on alleged violations of the license conditions and a variety of city regulations. In August 2007, the city council voted to revoke the licenses. Relator moved the city council for a stay. In a written decision denying the stay, the city council cited relator's failure to abide by conditions previously imposed on the licenses and the large number of violations, and it found that granting a stay so that the bar could continue operations during the appeal would endanger "the health and safety of ... citizens."

Relator moves this court for a stay, urging us to give no deference to the council's denial. Relator emphasizes the likely financial losses resulting from closure and the risk that a vacant building may be susceptible to vandalism. Respondent argues that the city council's denial of a stay does not constitute an abuse of discretion and it opposes the relator's motion.

### DECISION

■ There is no dispute that the license revocation decision by respondent constitutes a quasi-judicial decision subject to review. *See Minn. Ctr. for Envtl. Advocacy v. Metro. Council,* 587 N.W.2d 838, 842 (Minn.1999) (describing three indicia of quasi-judicial action). Unless there is a statute or ordinance prescribing a different process for judicial review, a municipality's quasi-judicial decisions are reviewable by way of a certiorari appeal to this court. *City of Minneapolis v. Meldahl,* 607 N.W.2d 168, 171 (Minn.App.2000) (affirming district court's dismissal, for lack of jurisdiction, of challenge to city's order for condemnation and demolition of building). Because the decision being challenged in this case was made by a local governmental unit that does not have statewide jurisdiction, Minnesota Statutes chapter 606 governs the acts required to invoke appellate jurisdiction and the time limit for appeal. *See Heideman v. Metro. Airports Comm'n,* 555 N.W.2d 322, 323–24 (Minn.App.1996) (applying chapter 606 and distinguishing it from Minnesota Administrative Procedures Act).

■ No provision of chapter 606 addresses the granting of a stay pending appeal. *See* Minn.Stat. §§ 606.01–.06 (2006). The appellate rules provide that

an agency or governmental body whose decision is subject to certiorari review "may stay enforcement of the decision in accordance with Rule 108," which governs supersedeas bonds and stays. Minn. R. Civ.App. P. 115.03, subd. 2(b). In a certiorari appeal, the "[a]pplication for a supersedeas bond or a stay on other terms must be made in the first instance to the agency or body." *Id.* But a party may seek review of the ruling on a request for a stay pending appeal, or of the terms established by the agency or governmental body, by making a motion to this court for review of that ruling. *Id.*

Rule 108 applies generally to all appeals and it also requires that a party seeking a stay pending appeal apply "in the first instance to the trial court." Minn. R. Civ. App. P. 108.01, subd. 1; *see* Minn. R. Civ.App. P. 101.02, subd. 4 (defining "trial court" to include court or agency whose decision is being reviewed). Under rules 108.01 and 115.03, relator was required to make its motion for a stay pending appeal first to the city council, subject to review by motion in this court. Relator insists that it is not seeking *"review* of [respondent's] decision" on the motion for a stay, but is moving this court "in the first instance to issue a stay." But the only authority cited for this request is Minn. Stat. § 14.65 (2006), a provision of the administrative procedures act that (a) has no application to this appeal from a decision by a local governmental body and (b) specifically recognizes the authority of an administrative agency to grant a stay pending a certiorari appeal. Relator's request is inconsistent with the provisions of the cited appellate rules and we reject the invitation to "consider the merits of [the] stay request anew, without deference to" the city council's decision.

■ Rule 108.01 provides several examples of the type of security that is likely to protect a respondent who must delay enforcement of a favorable decision while an appeal is pending, offering guidance to trial courts in a variety of factual scenarios. Minn. R. Civ.App. P. 108.01, subds. 2–6. For instance, if an appeal is taken from a money judgment, subdivision 3 indicates that the usual condition of the supersedeas bond will be payment of the judgment (if affirmed) and all damages awarded on appeal. *Id.,* subd. 3. In effect, an appealing party can forestall immediate collection efforts by providing a bond ensuring that the respondent will be able to collect in the future. *See Barrett v. Smith,* 184 Minn. 107, 110, 237 N.W. 881, 882 (1931) (holding that appellant's posting of bond exceeding amount of money judgment provided adequate protection for respondent and required that levies and garnishments be suspended). Subdivision 4 indicates that if an appeal is taken from a judgment directing the delivery of documents or personal property, no bond may be necessary to protect the respondent, if the appellant deposits the documents or property with a custodian appointed by the trial court or agency. Minn. R. Civ.App. P. 115.03, subd. 4. When the documents or property are deposited, the respondent is at little risk that a delay will impair the respondent's ability to enforce the decision.

Subdivision 6 reiterates that in certiorari appeals under rule 115, the "trial court may upon motion grant a stay of the order, judgment[,] or enforcement proceedings upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." *Id.,* subd. 6. If none of the specified subdivisions apply, enforcement may not be impaired by the passage of time, and a cost bond may be sufficient to obtain a stay. *See id.,* subd. 7. But the trial court retains authority to establish the terms and conditions of a stay pending appeal, and it may

require a supersedeas bond even if not specified in the rule, "if it determines" that the presumed security described in the examples does "not provide adequate security to the respondent." *Id.*, subd.; *see also id.*, subd. 1 (requiring that trial court "order and approve" any stay pending appeal and the "amount and form" of any bond or security).

In addition to the broad authority granted in rule 108.01 to determine whether and on what terms to grant a stay pending appeal, other rules applicable to a particular case may establish a presumption for or against the granting of a stay. *See, e.g.,* Minn. R. Civ. P. 62.02 (describing district court's discretion to "suspend, modify, restore, or grant an injunction" and to require a bond or other security when appeal is taken from order on injunctive relief); Minn. R. Juv. Prot. P. 47.03 (establishing presumption that order will remain in effect pending appeal, but recognizing discretion of juvenile court to grant stay); Minn. R. Juv. Delinq. P. 21.03, subd. 3 (requiring stay of "further adult criminal proceedings" pending decision on appeal from certification of juvenile to stand trial as adult). While many of the scenarios described in rule 108.01 focus on how best to preserve the ability of the prevailing party to enforce a favorable decision after the appeal has been decided, other rules—most notably those governing stays in criminal cases—focus in part on the risk to others, including the public, if a stay is granted during the pendency of an appeal. *See* Minn. R.Crim. P. 28.02, subds. 6–7 (establishing presumption that execution of criminal sentence will not be stayed, and requiring court to consider: (a) whether defendant is likely to serve entire sentence before appeal is decided; (b) risk that defendant will not appear if appeal is unsuccessful; (c) likelihood that defendant will commit serious crime or intimidate witnesses if stay is granted; and (d)

whether appeal is frivolous or taken for delay).

■ When local governmental units exercise their licensing authority, especially in connection with the sale of liquor, they must determine whether continued operations will be "detrimental to the public good." *Sabes v. City of Minneapolis,* 265 Minn. 166, 171, 120 N.W.2d 871, 875 (1963) (footnote omitted) (describing judicial deference to discretion of city council determining whether to revoke liquor licenses). Briefing on this appeal is not complete and the merits of the revocation decision are not yet before us, but the public interest and the potential risk to the public are equally applicable to the issue of a stay pending appeal. When determining whether or not to grant a stay pending appeal, the trial court or governmental unit must balance the appealing party's interest in preserving the status quo, so that effective relief will be available if the appeal succeeds, against the interests of the public or the prevailing party in enforcing the decision and ensuring that they remain "secure in victory" while the appeal is pending. *See* 3 Eric. J. Magnuson & David F. Herr, *Minnesota Practice* § 108.1, at 389–90 (2007) (describing rule 108.01 as striking balance between these competing interests).

■ The trial court or agency balancing these competing interests and determining the form and amount of security required to adequately protect the public and the prevailing party is making a discretionary decision. An appellate court reviewing a decision regarding a stay pending appeal will interfere only when there is a demonstrated abuse of discretion. *State by Clark v. Robnan, Inc.,* 259 Minn. 88, 90, 107 N.W.2d 51, 53 (1960) (concluding there was no basis "for interference with the discretion exercised by

the district court in continuing [a] temporary injunction during the pendency" of appeal); *see also Miller v. City of St. Paul,* 363 N.W.2d 806 (Minn.App.1985) (affirming denial of temporary injunction to stop revocation of liquor licenses), *review denied* (Minn. Apr. 26, 1985). But even when a deferential abuse-of-discretion standard applies, there must be adequate findings and a record for the appellate court to review. *State v. Cassidy,* 567 N.W.2d 707, 710 (Minn.1997) (applying general rule on need for adequate record in criminal case involving discretionary decision regarding conduct of trial in absentia). The findings of the trial court or agency must be sufficiently detailed to demonstrate that all relevant factors were actually considered. *Stich v. Stich,* 435 N.W.2d 52, 53 (Minn.1989).

█ In this case, the city council's written decision reflects that it considered whether the imposition of operating conditions could adequately protect the public, in the event that a stay were granted, but it concluded that relator's history of violating existing conditions made compliance unlikely and that continued operation of the bar posed a danger to public health and safety. Relator correctly notes that some of the past violations, including, arguably, those related to oversized temporary signs, may pose little immediate danger to public safety. But municipal restrictions on the conduct of businesses are presumed to promote the public interest, and the burden of establishing that ordinances and regulations do not promote the public health, morals, safety, convenience, or general welfare, so that the restrictions are not within the police power, is on the party attacking the validity of a regulation. *City of St. Paul v. Dalsin,* 245 Minn. 325, 329, 71 N.W.2d 855, 858 (1955). Relator certainly has not established that all past viola-

tions are unrelated to the public interest. Accordingly, it was appropriate for the city council to consider those violations when determining whether the imposition of additional conditions would adequately protect the public interest. We note that relator did not propose any conditions to protect the public interest and counsel's characterization of the bar as a "nuisance-free" operation is not consistent with the limited record now before us.

The likely financial impact on relator of denying a stay is both obvious and serious. But that impact must be balanced against the public interests that would be affected if the bar were to continue its operations while the appeal is pending. *See, e.g., BAL, Inc. v. City of St. Paul,* 469 N.W.2d 341, 343 (Minn.App.1991) (describing impact on neighbors of "disturbing conditions" at bar and concluding that record supported determination that business endangered "safety, health, morals, comfort[,] or repose of ... members of the public"). In many cases, especially those involving sanctions from which effective relief may be unavailable months later, when the appeal is eventually decided on the merits, it is likely that the imposition of operating conditions will adequately protect the public. Ensuring that the appealing party can obtain effective relief, if it prevails on appeal, is a crucial consideration in determining whether and on what terms to grant a stay pending appeal. The revocation in this case has both immediate consequences (because the bar is closed) and long-term consequences (because revocation appears to preclude future use of the property as a bar, even by a new owner). Relator can still obtain effective relief from some of these consequences, if the appeal succeeds. In this case, and on the limited record available to us, we conclude that the city council did

not abuse its discretion when it denied relator's motion for a stay.

**Motion denied.**