**Supreme Court**
No. 2013-66-Appeal.

Town of North Kingstown      :

v.            :

International Association of Firefighters,    :
    Local 1651, AFL-CIO et al.

**O R D E R**

This litigation stems from a labor dispute between the Town of North Kingstown (the town) and the North Kingstown Firefighters, Local 1651, International Association of Firefighters, AFL-CIO (the union). After neither party timely requested interest arbitration for the 2011-2012 contract year, the town unilaterally implemented an ordinance which significantly changed the firefighters' wages, hours, and terms and conditions of employment.

On December 14, 2012, a hearing justice of the Superior Court issued a lengthy decision, in which he granted the town's motion to stay interest arbitration with the union for the 2011-2012 contract year, issued related declaratory relief, and also issued an unrequested mandatory injunction, which directed the town to "'unring the bell' * * * as to wages, hours, and other terms and conditions of employment [and to] go back to the state that existed pre-unilateral implementation." An order to that effect entered on February 5, 2013. Thereafter, at the town's request, the hearing justice entered final judgment, pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure.[1]

_____

[1] Because there were other outstanding claims not yet addressed in the hearing justice's decision, the town requested that final judgment enter with respect to the relief issued in the hearing

As part of its appeal, the town first moved for a stay in the lower court on February 6, 2013, which was denied by the hearing justice in a bench decision that same day. In accordance with Article I, Rule 8 of the Supreme Court Rules of Appellate Procedure,[2] the case then came before this Court, as a duty matter, in which the town moved for a stay of the hearing justice's order and the subsequent Rule 54(b) judgment, pending an appeal. On February 7, 2013, the duty justice issued an order temporarily granting the stay pending further consideration thereof by the full Court at its conference scheduled for February 14, 2013. The issuance of that stay was also conditioned on the parties' agreement to continue discussions concerning their labor dispute.

Following that conference, on February 18, 2013, we issued an order, again temporarily continuing the stay and directing the parties to submit the above-referenced Rule 54(b) judgment to the Court because it had not accompanied the town's motion to stay. That order further directed the parties to continue with their negotiations until consideration by the full Court at our conference scheduled for March 21, 2013.

In the interim, the parties entered into appellate mediation, which ultimately proved unsuccessful. Following our conference on March 21, 2013, we then issued an order assigning the motion for a stay to our oral argument calendar for April 30, 2013.

---

justice's decision, pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. Rule 54(b) provides that "[w]hen more than one claim for relief is presented in an action, * * * the court may direct the entry of a final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

[2] In pertinent part, Article I, Rule 8 of the Supreme Court Rules of Appellate Procedure permits an aggrieved party to move for "a stay of enforcement pending appeal, or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal," provided that the moving party first requests a stay from the trial court.

In Narragansett Electric Co. v. Harsch, 367 A.2d 195, 197 (R.I. 1976), we held that this Court will not issue a stay unless the moving party "makes a 'strong showing' that (1) it will prevail on the merits of its appeal; (2) it will suffer irreparable harm if the stay is not granted; (3) no substantial harm will come to other interested parties; and (4) a stay will not harm the public interest." This Court's rule governing motions to stay is modeled after Rule 8 of the Federal Rules of Appellate Procedure. As such, this Court looks to federal cases for guidance with respect to the decision whether to grant a stay. David A. Wollin, Rhode Island Appellate Procedure, § 8.3 at 8-5 (West 2004). Although all four of the above-referenced factors should be considered, "[they] are not prerequisites that must be met, but are interrelated considerations that must be balanced together." Service Employees International Union Local 1 v. Husted, 698 F.3d 341, 343 (6th Cir. 2012) (quoting Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991)).

In its motion to stay, the town argues that all four of these factors have been met, and therefore this Court should grant its motion. We agree. We briefly address each of the factors in turn.

First, the town has made a strong showing that it will prevail on the merits of its appeal. The hearing justice likely erred in issuing the following mandatory preliminary injunction: "By February 11, 2013, the [t]own is ordered to reinstate wages, hours and other terms and conditions of employment that exi[s]ted pre-unilateral implementation[ ], i.e. prior to March 11, 2012."[3] At this stage, we deem the issuance of this injunction to be improper for several important reasons:

---

[3] Further, the town assails the hearing justice's sua sponte issuance of several unrequested declaratory judgments, arguing that they were made in contravention of due process. Because we hold that the town has demonstrated a strong showing of success on appeal since the issuance of the mandatory preliminary injunction was likely improper, we need not address the town's argument with respect to the purported due process violations stemming from the declaratory relief.

(1) neither party requested it;[4] (2) it directly contravened this Court's well-settled precedent established in <u>Warwick School Committee v. Warwick Teachers' Union, Local 915</u>, 613 A.2d 1273, 1276 (R.I. 1992), in which we stated that "the Superior Court does not have original jurisdiction of the question to determine what, if any, agreement is in force between [management] and [a] union" and may not require the parties to enter into any particular agreement; and (3) it was ordered absent the requisite findings[5] and without notice to the town, as required by Rule 65(a)(1) of the Superior Court Rules of Civil Procedure. Although the union urges this Court to instead characterize the hearing justice's preliminary injunction as supplementary relief based on a declaratory judgment (and therefore somehow proper), this alteration in nomenclature is unavailing.

We balance that strong showing of success on the merits with the other three factors—whether the town has demonstrated irreparable harm, whether the union will not suffer substantial harm, and whether the public interest will not be harmed. In our opinion, these other factors are more equivocal. However, because "'[t]he sine qua non * * * is whether the [town] [is] likely to succeed on the merits,' * * * the issuance of [the] stay depends on 'whether the harm caused [to the town] without the [stay], in light of the [town's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the union].'" <u>Acevedo-Garcia v.</u>

---

[4] At the time the hearing justice issued his decision, the union had not yet filed an answer to the town's amended complaint. This Court has consistently stated that "a party should not be granted relief that it did not request." <u>Nye v. Brousseau</u>, 992 A.2d 1002, 1011 (R.I. 2010) (quoting <u>Providence Journal Co. v. Convention Center Authority</u>, 824 A.2d 1246, 1248 (R.I. 2003)).

[5] Before issuing a preliminary injunction, the hearing justice should have considered "(1) whether [the union] established a reasonable likelihood of success on the merits; (2) whether [the union] will suffer irreparable harm without the requested injunctive relief; (3) whether the balance of the equities, including the public interest, weighed in favor of [the union]; and (4) whether the issuance of a preliminary injunction served to preserve the status quo <u>ante</u>." <u>Allaire v. Fease</u>, 824 A.2d 454, 457 (R.I. 2003) (quoting <u>School Committee of North Kingstown v. Crouch</u>, 808 A.2d 1074, 1077 (R.I. 2002)).

Vera-Monroig, 296 F.3d 13, 16-17 (1st Cir. 2002) (quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993) and United Steelworkers of America v. Textron, Inc., 836 F.2d 6, 7 (1st Cir. 1987)).

Thus, because the town has demonstrated a strong showing of success on appeal, it need not make as strong a showing of irreparable harm. See Acevedo-Garcia, 296 F.3d at 16-17. In this regard, the town has adequately demonstrated that it will suffer irreparable harm if the stay is not granted. The town argues that it will be unable to recover the funds paid to the firefighters during the period of the mandatory preliminary injunction, if, on appeal, this Court holds that the town had the right to implement the changes outlined in its unilateral ordinance.[6] Although pursuant to G.L. 1956 § 28-14-24(d),[7] the town, as an employer, is not precluded from recovering any overpaid funds to the firefighters, it is our opinion that the town's ability to actually recover any of those funds is doubtful at best.

Similarly, the town has also sufficiently demonstrated that the union will not suffer substantial harm if the stay is granted. A granting of the stay essentially maintains the status quo between the parties since the implementation of the ordinance in March 2012. We do not disagree with the union that, under the terms of the town's unilateral ordinance, the firefighters are forced to work increased hours at a decrease in hourly pay. In its motion, the town has stated that if the stay is granted "no firefighter stands to suffer a layoff and no firefighter will suffer a

---

[6] Patricia Sunderland, director of finance for the town, stated in an affidavit that it was her expectation that, as of February 5, 2013, "if the [t]own is ordered to [abide by the mandate of the preliminary injunction], * * * the actual fire department overtime expenses [would] exceed budgeted overtime expenses by over $300,000 over the course of the remaining twenty weeks of FY2012-2013." Additionally, she stated that if the stay is not granted she expects "the [t]own's fire department overtime expenses to increase by approximately $20,000 per week to the pre-implementation level."

[7] In pertinent part, G.L. 1956 § 28-14-24(b) states that "[n]othing in this section shall be construed to limit or restrict in any way any rights which the employer now has to recover, by a separate legal action, any money owed the employer by the employee."

reduction in salary or benefits * * *. In fact, with a stay, each firefighter will continue receving the 10% salary increase that went into effect on March 11, 2012." We expect the town to remain compliant with that affirmation made to this Court. Although the referenced salary increase is accompanied by a significant change in hours, we cannot say that the firefighters will suffer substantial harm if the stay is granted. Moreover, we emphasize that the Superior Court was without authority to affirmatively set the terms and conditions of employment. See Warwick School Committee, 613 A.2d at 1276.

Lastly, at this juncture, we do not believe that the granting of the stay will harm the public interest. We cannot say that the town's decision to invoke unilateral change after the union waived its right to interest arbitration per se harms the public interest. Although the hearing justice previously determined that the ordinance itself was enacted in violation of the town's charter, that question as well as whether the town had an inherent managerial right to enact such changes are looming issues for this Court on appeal. Absent further fact-finding, we are unable to conclude that the public interest will be put at risk if the stay is granted.

For the reasons set forth in this order, we grant the town's motion to stay. Furthermore, since final judgment has not entered with respect to count 5 of the town's amended complaint, we grant the parties' joint motion to remand that count to the Superior Court. We direct the parties to ensure that the appropriate papers are properly remanded.

Justice Robinson did not participate.

Entered as an Order of this Court this 10th day of May 2013.

By Order,


_____/s/_____
Clerk


- 6 -



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Town of North Kingstown v. International Association of Firefighters, Local 1651, AFL-CIO et al.

**CASE NO:**    No. 2013-66-Appeal.
No. 2013-44-Appeal.
(WC-12-542)

**COURT:**    Supreme Court

**DATE ORDER FILED:**    May 10, 2013

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    N/A – Court Order

**SOURCE OF APPEAL:**    Washington County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Brian P. Stern

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Daniel K. Kinder, Esq.

For Defendant:   Marc B. Gursky, Esq.