*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1227**

Nationstar Mortgage, LLC,
Respondent,

vs.

Julie Quale, et al.,
Appellants,

John Doe, et al.,
Defendants.

**Filed March 2, 2015
Affirmed
Cleary, Chief Judge**

Hennepin County District Court
File No. 27-CV-HC-14-2283

Orin J. Kipp, David R. Mortensen, Wilford, Geske & Cook, P.A., Woodbury, Minnesota (for respondent)

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellants)

Considered and decided by Rodenberg, Presiding Judge; Cleary, Chief Judge; and Chutich, Judge.

UNPUBLISHED OPINION

**CLEARY**, Chief Judge

We affirm summary judgment because respondent had standing to bring an eviction action and met all the requirements entitling it to eviction under Minn. Stat. § 504B.285, subd. 1 (2014). We also hold that the district court did not abuse its discretion by denying appellants' motion for a pre-judgment stay of the eviction proceeding and requiring appellants to post a bond under Minn. Stat. § 504B.371, subd. 3 (2014) to get a stay of execution of the writ of recovery of the premises pending this appeal.

## FACTS

On August 31, 2006, appellants Julie and Paul Quale granted a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for MILA, Inc., for real property located at 11568 Fetterly Lane, Minnetonka, Minnesota 55305, to secure a promissory note. The mortgage was registered in the office of the Hennepin County Registrar of Titles on September 13, 2006, as document number 4305414. Appellants defaulted under the terms of the mortgage by failing to make payments as they became due beginning on January 1, 2010.

After appellants defaulted, MERS executed an assignment of the mortgage to Aurora Loan Services, LLC (Aurora). The assignment was registered in the office of the Hennepin County Registrar of Titles as document number T4954987. Aurora began foreclosure proceedings by advertisement in May 2012. A sheriff's sale was held on

August 13, 2012, and Aurora was the successful purchaser of the property for the sum of $517,029, subject to a six-month redemption period. Neither appellants nor any other eligible party redeemed the property within the six-month redemption period ending on February 13, 2013.

Aurora conveyed the property by a limited warranty deed to respondent Nationstar Mortgage, LLC, on April 9, 2013. Respondent began the underlying eviction action because appellants were holding over the property. Respondent moved for summary judgment; appellants moved to stay the eviction proceedings. The housing court referee granted summary judgment and held that respondent was entitled to an immediate writ of recovery. Appellants filed a notice of appeal, and the housing court referee stayed the issuance of the writ of recovery of premises pending a hearing to set an appeal bond pursuant to Minn. Stat. § 504B.371 (2014). The referee granted a stay, but conditioned it on appellants posting a lump-sum bond of $48,230.53, as well as monthly bond payments in the amount of $2,198. The district court affirmed the referee's order setting the bond. Appellants failed to deposit the supersedeas bond and the district court lifted the stay on the issuance of the writ of recovery of the premises.

## D E C I S I O N

### I.

Appellants argue that respondent lacks standing to bring an eviction action and that they are entitled to summary judgment. An eviction proceeding is a summary court proceeding to remove an occupant from possession of real property by the process of law.

Minn. Stat. § 504B.001, subd. 4 (2014). An eviction proceeding does not adjudicate the ultimate legal right of ownership possessed by the parties, nor does it bar actions challenging the title. *Dahlberg v. Young*, 231 Minn. 60, 68, 42 N.W.2d 570, 576 (1950). Numerous precedents have established the limited nature and scope of an eviction proceeding, which is summary in nature. *Amresco Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445 (Minn. App. 2001).

"[A]ny mortgage of real estate containing a power of sale, upon default being made in any condition thereof, may be foreclosed by advertisement." Minn. Stat. § 580.01 (2014). Upon expiration of the statutory redemption period, a recorded certificate of sale "shall operate as a conveyance to the purchaser or the purchaser's assignee of all the right, title, and interest of the mortgagor in and to the premises named therein at the date of such mortgage, without any other conveyance." Minn. Stat. § 580.12 (2014). A certificate of sale made under a power to sell is "prima facie evidence" that the purchaser has title and that every requirement of law necessary to complete the sale has been complied with. Minn. Stat. § 580.19 (2014). The person entitled to the premises has the right to recover possession by eviction after the expiration of the time for redemption. Minn. Stat. § 504B.285, subd. 1 (2014).

**A.**

The district court held that respondent had standing and legal capacity to bring this eviction action. Appellants argue that respondent lacked standing to bring an eviction action because the mortgage was not properly transferred. When the relevant facts

4

necessary to decide standing are undisputed, courts determine standing de novo. *Olson v. State*, 742 N.W.2d 681, 684 (Minn. App. 2007). A plaintiff has standing when he or she "is the beneficiary of some legislative enactment granting standing." *Enright v. Lehmann*, 735 N.W.2d 326, 329 (Minn. 2007).

Appellants' arguments fail because respondent had standing to bring an eviction action under Minn. Stat. § 504B.285 as the purchaser's assignee. Aurora, respondent's predecessor in interest, purchased the property at a sheriff's sale, acquired a sheriff's certificate of sale, and recorded it. The certificate of sale acted as a conveyance of "all the right, title, and interest of the mortgagor." Minn. Stat. § 580.12. It was prima facie evidence that Aurora had title and complied with every requirement of law necessary to complete the sale. Minn. Stat. § 580.19. Aurora then properly conveyed the property to respondent. Section 504B.285 gave respondent standing to recover possession by eviction because appellants were holding over the property after the redemption period. Minn. Stat. § 504B.285, subd. 1.

**B.**

The district court granted respondent's motion for summary judgment based on the deed respondent acquired from its predecessor in interest. Appellants argue that they were entitled to summary judgment because respondent acquired title to the property from Aurora, which acquired title from an unnamed trust that closed in 2006, which made the transfer void. The undisputed facts establish that all of the requirements entitling

5

respondent to eviction pursuant to section 504B.285 were met, and respondent was entitled to summary judgment as a matter of law.

The supreme court has succinctly stated the standard of review on an appeal from summary judgment:

> On appeal from summary judgment, we review whether there are any genuine issues of material fact and whether the district court erred in its application of the law. We view the evidence in the light most favorable to the party against whom summary judgment was granted. We review de novo whether a genuine issue of material fact exists. We also review de novo whether the district court erred in its application of the law.

*STAR Ctrs., Inc. v. Faegre & Benson, L.L.P*., 644 N.W.2d 72, 76-77 (Minn. 2002) (citations omitted). A district court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. To prevail in an eviction action on summary judgment, respondent must show that the mortgage on the property was foreclosed, that the time for redemption expired, that it is entitled to possession of the property, and that appellants held over the property. Minn. Stat. § 504B.285, subd. 1.

There are no genuine issues as to any material facts. Appellants defaulted on their mortgage and Aurora began foreclosure proceedings by advertisement. The property was purchased by Aurora at a sheriff's sale. Appellants did not redeem the property during the statutory redemption period. Aurora received a sheriff's certificate of sale, which is

6

prima facie evidence that a foreclosure occurred, that a foreclosure sale was held, that Aurora was the successful bidder at that sale, and that Aurora was therefore entitled to possession of the property. *See* Minn. Stat. §§ 580.12, .19. Aurora conveyed the property to respondent, giving respondent the right to evict appellants under Minn. Stat. § 504B.285, subd. 1. Because all of the statutory requirements are met and there are no genuine issues as to any material facts, respondent is entitled to summary judgment.

Even if there were questions of fact regarding the validity of the title, those arguments are beyond the summary nature and limited scope of an eviction proceeding, and this court does not need to consider them. *Stange*, 631 N.W.2d at 445-46 (rejecting appellant's argument to enlarge the scope of eviction proceedings to adjudicate title claims).

## II.

The district court denied appellants' motion for a pre-judgment stay of the eviction proceeding. After granting respondent's motion for summary judgment, the district court granted a stay of the issuance of the writ of recovery, but required appellants to post a supersedeas bond to remain in possession of the property pending appeal. Appellants argue that the district court abused its discretion by refusing to grant a stay to allow the related civil proceedings to be resolved and, alternatively, that the bond was too high. We hold that the district court did not abuse its discretion.

Appellants first argue that there is a related state court proceeding involving the same defenses and counterclaims necessary to the eviction action. Because of the related

state proceeding, appellants argue a stay is necessary under *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312 (Minn. App. 2008), *review denied* (Minn. Sept. 23, 2008). A district court's decision not to grant a stay is reviewed for abuse of discretion. *Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014). A district court abuses its considerable discretion "if it refuses to stay an eviction proceeding when defenses or counterclaims that are essential in the eviction action are also at issue in a pending civil case." *Id.* A party seeking a stay must provide a "case-specific justification" for the stay, but a dispute regarding the underlying mortgage is not a case-specific reason. *Id.* Even if a party provides a case-specific reason, the district court is not obligated to grant the stay. *Id.*

Instead of providing a case-specific justification for a pre-judgment stay of the eviction proceeding, appellants make a series of conclusory and inaccurate statements: respondent lacks standing and the right to possession, appellants were denied due process, and related proceedings exist so a stay is required. These statements are not counterclaims or defenses necessary to the fair determination of the eviction action also at issue in a related civil proceeding. *See id.* ("Resolving a challenge to the validity of the foreclosed mortgage is not essential to an eviction action."). The district court did not abuse its considerable discretion by refusing to grant a pre-judgment stay.

Appellants next argue that the district court abused its discretion by requiring an unreasonably large lump-sum bond to stay execution of the writ of recovery of the premises pending this appeal. Appellants argue that the district court should have granted

8

an unconditional stay, meaning a no-bond stay. An appellate court reviews the district court's issuance of a bond for an abuse of discretion. *DRJ, Inc. v. City of St. Paul*, 741 N.W.2d 141, 144 (Minn. App. 2007); *see also Axford v. W. Syndicate Inv. Co.,* 141 Minn. 412, 414, 168 N.W. 97, 97 (1918), *overruled on other grounds*, *Barrett v. Smith*, 184 Minn. 107, 237 N.W. 881 (1931). If the district court grants a stay pending appeal, the appealing party in possession of the premises during appeal "*must* give a bond." Minn. Stat. § 504B.371, subd. 3 (emphasis added). The bond must provide that all costs of the appeal will be paid, the posting party will comply with the court's order, and "all rent and other damages due to the party excluded from possession during the pendency of the appeal will be paid." *Id.*

We first note that appellants' bond arguments are likely moot because respondent was entitled to summary judgment at the eviction proceeding. Because respondent is entitled to possession, we are no longer able to grant effective relief by reducing the bond. *See Kahn v. Griffin*, 701 N.W.2d 815, 821 (Minn. 2005) ("Generally, we will dismiss a case as moot if we are unable to grant effectual relief."). If appellants wanted to effectively challenge the bond for the stay pending appeal, they should have done so under Minnesota Rule of Civil Appellate Procedure 108.02. *See* Minn. R. Civ. App. P. 108.02, subd. 6 (stating that on a motion under Rule 127, a party may challenge the "amount of security pending appeal"). However, the bond issue is arguably capable of repetition so we will address the substance of the arguments. *See Kahn*, 701 N.W.2d at

9

821 ("[W]e will not deem a case moot if it implicates issues that are capable of repetition, yet likely to evade review.").

Appellants argue that they should not have to pay a bond, but that argument is contrary to the plain language of section 504B.371, subd. 3, which specifically requires a party appealing eviction to pay a bond if the party remains in possession. Based on the evidence in the record, the district court conditioned a stay on the posting of a one-time bond of $48,230.53, which represented the amount of missed mortgage payments (17) since the expiration of the redemption period, as well as a monthly bond of $2,198 based on an estimated rental value of the property provided by an online real estate agency. In doing so, the district court did not abuse its discretion.

**Affirmed.**