Tony WEBSTER, Appellant,

v.

HENNEPIN COUNTY and Hennepin County Sheriff's Office, Respondents.

A16-0736

Supreme Court of Minnesota.

Filed: March 15, 2017

Scott M. Flaherty, Cyrus C. Malek, Emily M. Peterson, Samuel Aintablian II, Briggs and Morgan, P.A., Minneapolis, Minnesota, for appellant.

Michael O. Freeman, Hennepin County Attorney, Daniel P. Rogan, Senior Assistant County Attorney, Minneapolis, Minnesota, for respondents.

OPINION

LILLEHAUG, Justice.

Appellant Tony Webster sought public government data from respondents Hennepin County and the Hennepin County

Sheriff's Office (collectively, Hennepin County) under the Minnesota Government Data Practices Act (the Data Practices Act). *See* Minn. Stat. ch. 13 (2016). Dissatisfied with Hennepin County's response, Webster filed a complaint with the Office of Administrative Hearings. The administrative law judge (ALJ) held that Hennepin County had violated the Data Practices Act and ordered it to produce all requested data. Hennepin County appealed the decision and obtained a stay from the ALJ pending appeal. The court of appeals denied Webster's motion to lift the stay. Webster then petitioned this court for review. Because we conclude that a trial court, or as in this case, an agency ALJ,[1] has broad discretion to grant a stay pending appeal, and that the ALJ did not abuse its discretion in doing so here, we affirm.

## FACTS

On August 12, 2015, Webster submitted 14 requests to Hennepin County for public government data under the Data Practices Act. Among Webster's requests was one asking that Hennepin County perform a computer-aided search of its stored e-mails using 20 separate search terms. Eventually, Hennepin County responded to all of Webster's requests except for the e-mail search request. Hennepin County asserted that the search request was "too burdensome with which to comply."

Webster filed an expedited data-practices complaint alleging that Hennepin County had violated the Data Practices Act by failing to promptly and substantively respond to his data requests. After an evidentiary hearing, the ALJ concluded that Hennepin County had violated the Data Practices Act. The ALJ ordered

Hennepin County to, among other things, (1) implement a procedure by June 1, 2016, to ensure that electronically stored public data, including e-mail, is organized for easy access and use by the public; and (2) begin production of the requested data on a rolling basis, including e-mails, to Webster by May 2, 2016, with all requested data to be produced by June 3, 2016.

Hennepin County gathered the relevant e-mails and began producing data on a weekly basis. Webster was able to inspect some of the relevant e-mails on May 2 and 9, 2016.

On May 3, 2016, by petition for a writ of certiorari, Hennepin County appealed the ALJ's order to the Minnesota Court of Appeals. The next day, Hennepin County asked the ALJ to issue a partial stay pending appeal. Hennepin County argued that, absent a stay, its "right to appellate review will be eclipsed because it will be forced to act, including performing the e-mail term search that Respondents believe is not required by the Data Practices Act."

The ALJ granted Hennepin County's motion on May 18, 2016. The ALJ relied on two cases discussing the standard for granting a stay pending appeal: *State v. Northern Pacific Railway Co.*, 221 Minn. 400, 22 N.W.2d 569 (1946), and *DRJ, Inc. v. City of St. Paul*, 741 N.W.2d 141 (Minn. App.2007). The ALJ cited *Northern Pacific Railway* for the proposition that a stay may be granted "to protect the appellate court's jurisdiction" and to "avoid a multiplicity of suits." *See N. Pac. Ry.*, 22 N.W.2d at 574-75. The ALJ cited *DRJ* for the proposition that the court "must balance the appealing party's interest in preserving the status quo, so that effective relief will be available if the appeal suc-

1. For purposes of appeal, an ALJ is a trial court. Minn. R. Civ. App. P. 101.02, subd. 4 (defining "trial court" on appeal as "the court or agency whose decision is sought to be reviewed"). The parties do not dispute that, in the context of this case, the ALJ functioned as a trial court.

ceeds, against the interests of the public or the prevailing party in enforcing the decision and ensuring they will remain 'secure in victory' while the appeal is pending." *See DRJ*, 741 N.W.2d at 144 (quoting 3 Eric J. Magnuson & David F. Herr, *Minnesota Practice—Appellate Rules Ann.* § 108.1, at 446 (2007)). Applying the law from these two cases, the ALJ stated:

> While it is clear that the purpose of the [Act] is to ensure timely access to requested public data, this important provision will only be temporarily delayed by granting the requested stay. Complainant, and the public, will not be denied access to the requested public government data. The right to prompt access must be balanced, here, with preserving the jurisdiction of the Minnesota Court of Appeals. If the order is not stayed there may be no live controversy for the Court to consider.

The ALJ also stated that the stay should be granted "to help ensure minimal future litigation" regarding the Data Practices Act.

Webster filed a motion in the court of appeals to lift the stay, arguing that the standard from *DRJ*—and the ALJ's application of that standard—deviated from our standard announced in *Northern Pacific Railway*. The court of appeals denied Webster's motion, stating that *DRJ* was "consistent" with *Northern Pacific Railway*. *Webster v. Hennepin Cty.*, No. A16-0736, Order at 3 (Minn. App. filed July 5, 2016).

Webster petitioned this court for review.

## ANALYSIS

A stay pending appeal is reviewed for an abuse of discretion. *See N. Pac. Ry.*, 22 N.W.2d at 573. Webster argues that *DRJ*"s balancing test is "fundamentally inadequate" because it omits factors that must be analyzed under *Northern Pacific Railway*: whether the appellant is likely to succeed on the merits of the appeal, and whether a stay is necessary to protect the appellant from irreparable injury. Hennepin County responds that *Northern Pacific Railway* sets forth a comprehensive test consistent with the trial court's broad discretion, and that the ALJ sufficiently analyzed the factors relevant to the case.

We addressed the standard governing whether to grant a stay pending appeal in *Northern Pacific Railway*, 22 N.W.2d at 574-75. At the outset of that analysis, we emphasized the "discretionary powers" of a court considering such a motion. *Id.* at 574. We then quoted Corpus Juris Secundum as follows:

> As a rule a supersedeas or stay should be granted, if the court has the power to grant it, whenever it appears that without it the objects of the appeal or writ of error may be defeated, or that it is reasonably necessary to protect appellant or plaintiff in error from irreparable or serious injury in case of a reversal, and it does not appear that appellee or defendant in error will sustain irreparable or disproportionate injury in case of affirmance. It should be granted where ... the loss or damage occasioned by the stay can be met by a money award, where important questions of law are raised, which, if decided in favor of appellant or plaintiff in error, will require a reversal, to avoid a multiplicity of suits, or to protect the appellate court's jurisdiction.

*Id.* at 574-75 (alterations in original) (footnotes omitted) (quoting 4 C.J.S. *Appeal and Error* § 636 (1937)). We stated that the quoted material "express[ed] the general rules applicable herein." *Id.* at 575. From among the "general rules," we expressly analyzed one: avoiding a multiplicity of suits. *Id.* On that basis, we concluded

the trial court did not abuse its discretion in granting a stay. *Id.*

 *Northern Pacific Railway* demonstrates that a trial court has broad discretion in deciding which of the various factors are relevant in each case, and that a court need only analyze the relevant factors. *See id.* at 574-75; *see also Hilton v. Braunskill*, 481 U.S. 770, 776-78, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (noting that a stay motion "contemplate[s] individualized judgments in each case," meaning that "the formula cannot be reduced to a set of rigid rules"). Among the factors that may be relevant are: whether the appeal raises substantial issues; injury to one or more parties absent a stay; and the public interest, which includes the effective administration of justice. Effective administration includes protecting appellate jurisdiction, avoiding multiple lawsuits, and preventing the defeat of "the objects of the appeal or writ of error." *N. Pac. Ry.*, 22 N.W.2d at 574-75 (quoting 4 C.J.S., *supra*).[2]

Here, the ALJ conducted at least as much analysis as we did in *Northern Pacific Railway*. The ALJ noted that there might not be a live controversy in the absence of a stay if Hennepin County were required to produce all the requested e-mails before the court of appeals could rule. Thus, issuing a stay would preserve the court of appeals' jurisdiction by preventing a significant legal issue from becoming moot during appeal. The ALJ correctly identified this as the most important factor to consider. The ALJ then balanced this factor against Webster's and the public's interests in gaining prompt access to the requested data. The ALJ also noted that granting the stay would reduce future litigation regarding Data Practices Act requests. Only after conducting this additional analysis did the ALJ grant Hennepin County's motion for a partial stay pending appeal.

The fact that the ALJ did not expressly analyze every factor listed in *Northern Pacific Railway* was not an abuse of discretion. Depending on the circumstances, a court could abuse its discretion by failing to consider a relevant factor. But a critical omission did not occur here. The ALJ considered the factors relevant to this case.

Webster also takes issue with *DRJ*'s statement that a trial court "must balance" the interests of the parties and the public. *See DRJ*, 741 N.W.2d at 144. But that is what the trial court should do: identify the relevant factors, weight each factor, and then balance them, applying the court's sound discretion. *See Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir.1953) (discussing "the balance of hardships"); *Town of North Kingstown v. Int'l Ass'n of Firefighters, Local 1651*, 65 A.3d 480, 481 (R.I.2013) (stating that the various factors are "'interrelated considerations that must be balanced together'" (quoting *Service Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012))); 20 James Wm. Moore et al., *Moore's Federal Practice* § 308.21 (3d ed. 2016) (stating that "the district court should balance the parties' potential harms"); 16A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Catherine T. Struve, *Federal Practice & Procedure: Jurisdiction* § 3954 (4th ed. 2008) (stating

**2.** Although *Northern Pacific Railway* does not require written analysis of each relevant factor, and we do not think it appropriate to impose such a requirement on the trial courts, the better practice is to do so in the interest of completeness and to facilitate appellate review. *Cf.* Minn. R. Civ. P. 52.01 (requiring specific findings of fact and separate conclusions of law when deciding motions for interlocutory injunctions), 65.04 (requiring an order for an injunction or restraining order to set forth in specific terms the reasons for its issuance).

that the "factors should be balanced"). That is what the ALJ did here.

Therefore, we conclude that the ALJ's decision to issue a stay pending appeal was not an abuse of discretion.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.